**Kelly & Herron, P.C.**
By: Kevin P. Kelly, Esquire
ID#: 28306
1500 Market Street, Centre Square
Suite W-3110, West Tower
Philadelphia, PA 19102
(215) 972-1500
Attorneys for Movant, Jessica Torres-Diaz

| | | |
|---|---|---|
| Hamza A. Odah, Debtor | : | United States CHAPTER 13 Bankruptcy Court |
| SSN: 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 | : | Eastern District of Pennsylvania |
| | : | Bankruptcy No.: 25-11291-DJB |
| | : | |

## MOTION FOR RELIEF FROM STAY PURSUANT TO RULE 4001

1.     Movant, Jessica Torres-Diaz presents this Motion for Relief of Stay pursuant to §362 of the U.S. Bankruptcy Code.

2.     On or about April 1, 2025, Debtor, Hamza A. Odah filed for Chapter 13 bankruptcy.

3.     On or about March 24, 2023 Debtor was driving a motor vehicle belonging to Masad Hamdallah when she was involved in a motor vehicle accident on Wyoming Avenue, Philadelphia, PA injuring Movant, Jessica Torres-Diaz.

4.     The vehicle operated by the Debtor and owned by Masad Hamdallah was insured by State Farm Insurance Company with a motor vehicle liability policy limit in the amount of $50,000.00.   A copy of the declaration insurance pages is attached hereto as Exhibit "1".

5.     On October 10, 2024 Movant, Jessica Torres-Diaz instituted suit for personal injuries in the Court of Common Pleas of Philadelphia County, Trial Division, against Debtor and motor vehicle owner, Masada Habdalah.  A copy of Movant's Complaint is attached hereto as Exhibit "2"

6.     Movant's cause of action is scheduled to be arbitrated on August 29, 2025 at the Compulsory Arbitration Center, 1880 JFK Blvd, 5th floor, Philadelphia, PA 19103.  A copy of the standing Case Management Compulsory Program Order is attached hereto as Exhibit "3".

7.     Movant, Jessica Torres-Diaz seeks Relief from Stay concerning Debtor's Chapter 13 bankruptcy as the value of Plaintiff's claims does not exceed the $50,000.00 State Farm liability policy limits.  It should also be noted that the Pa. Compulsory Arbitration limits in the Movant's Complaint are limited to $50,000.00.

8.     It is the request of Movant, Jessica Torres-Diaz that the Court of Common Pleas action be permitted to proceed.

WHEREFORE, Movant, Jessica Torres-Diaz respectfully requests this Court to grant an Order lifting the Stay as it pertains to the Movant's cause of action in the Court of Common Pleas, Philadelphia County under Court Term October 24, 2024, No. 01247.

**KELLY & HERRON, P.C.**

BY:_____
KEVIN P. KELLY, ESQUIRE
Kelly & Herron, P.C.
1500 Market Street, Centre Square
Suite W-3110
Philadelphia, PA 19103
Attorney ID No.: 28306

DATE: 7/8/2025

# EXHIBIT "1"

Policy Number: 531 9768-E08-38G
Date of Loss: 2023-03-24

## Policy Information

| | |
|---|---|
| Policy Number | 531 9768-E08-38G |
| Policyholder Name(s) | MASAD, HAMDALLAH M & MOHAMEN H & MASSAD, SAWSAN H |
| Product Line | A |
| Policy Type | MULTIPLE VEHICLE |
| Protected Person Indicator | |
| Form Number | 9838A |
| Company Name | State Farm Mutual Automobile Insurance Company |

## Vehicle Information

| | |
|---|---|
| Make | HONDA |
| Model | ACCORD |
| Year | 2011 |
| VIN | 1HGCP2F49BA132896 |

## Coverages

A 50/100,A 50,C2 5000,D,U 15/30,W 15/30,Y 10000,Z 5000/1000,PIP,F 2500,H,R1 80%/1000

| Coverage Name | Abbreviation | Deductible | Limit |
|---|---|---|---|
| Bodily Injury | A | | $50,000 Limit Per Person, $100,000 Limit Per Accident |
| Property Damage | A | | $50,000 Limit Per Accident |
| Medical Payments | C2 | | $5,000 Limit |
| Comprehensive Coverage | D | $0 | |
| Uninsured Motor Vehicle (Stacking) | U | | $15,000 Limit Per Person, $30,000 Limit Per Accident |
| Underinsured Motor Vehicle (Stacking) | W | | $15,000 Limit Per Person, $30,000 Limit Per Accident |
| Death, Dismemberment, and Loss of Sight | Y | | $10,000 Limit Per Death |
| Loss of Income | Z | | $5,000 Aggregate Limit, $1,000 Limit Per Month |
| Tort Options | PIP | | |
| Funeral Benefits | F | | $2,500 Limit Per Person |
| Emergency Road Service | H | | |
| Car Rental/Travel Expenses | R1 | | 80 Limit Percentage, $1,000 Limit Per Occurrence |

Policy Number: 531 9768-E08-38G
Date of Loss: 2023-03-24

## Policy Information

| | |
|---|---|
| Policy Number | 531 9768-E08-38G |
| Policyholder Name(s) | MASAD, HAMDALLAH M & MOHAMEN H & MASSAD, SAWSAN H |
| Product Line | A |
| Policy Type | MULTIPLE VEHICLE |
| Protected Person Indicator | |
| Form Number | 9838A |
| Company Name | State Farm Mutual Automobile Insurance Company |

## Vehicle Information

| | |
|---|---|
| Make | VOLKSWAGEN |
| Model | JETTA |
| Year | 2008 |
| VIN | 3VWRM71K38M081683 |

## Coverages

A 50/100,A 50,C2 5000,U 15/30,W 15/30,Y 10000,Z 5000/1000,PIP,F 2500,H

| Coverage Name | Abbrevation | Deductible | Limit |
|---|---|---|---|
| Bodily Injury | A | | $50,000 Limit Per Person, $100,000 Limit Per Accident |
| Property Damage | A | | $50,000 Limit Per Accident |
| Medical Payments | C2 | | $5,000 Limit |
| Uninsured Motor Vehicle (Stacking) | U | | $15,000 Limit Per Person, $30,000 Limit Per Accident |
| Underinsured Motor Vehicle (Stacking) | W | | $15,000 Limit Per Person, $30,000 Limit Per Accident |
| Death, Dismemberment, and Loss of Sight | Y | | $10,000 Limit Per Death |
| Loss of Income | Z | | $5,000 Aggregate Limit, $1,000 Limit Per Month |
| Tort Options | PIP | | |
| Funeral Benefits | F | | $2,500 Limit Per Person |
| Emergency Road Service | H | | |

# EXHIBIT "2"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

*For Prothonotary Use Only (Docket Number)*

**OCTOBER 2024**    **01247**

E-Filing Number: 2410023715

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JESSICA TORRES-DIAZ | HAMZA ODAH |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2114 N. HANCOCK STREET PHILADELPHIA PA 19120 | 8111 CRISPIN STREET PHILADELPHIA PA 19136 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | MASAD HAMDALLAH |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 11990 FERNDALE STREET PHILADELPHIA PA 19116 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JOHN/JANE 1 - 2. DOE(S) |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 0000 FIRST STREET PHILADELPHIA PA 19102 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
[X] $50,000.00 or less
[ ] More than $50,000.00

**COURT PROGRAMS**
[X] Arbitration  [ ] Mass Tort  [ ] Commerce  [ ] Settlement
[ ] Jury  [ ] Savings Action  [ ] Minor Court Appeal  [ ] Minors
[ ] Non-Jury  [ ] Petition  [ ] Statutory Appeals  [ ] W/D/Survival
[ ] Other:

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
OCT 10 2024
L. BREWINGTON

**IS CASE SUBJECT TO COORDINATION ORDER?**   YES   NO

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JESSICA TORRES-DIAZ

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| KEVIN P. KELLY | 1500 MARKET STREET SUITE W3110 PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)972-1500 | (215)972-8217 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 28306 | kkelly@kellyherronlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| KEVIN KELLY | Thursday, October 10, 2024, 11:19 am |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. HAMZA ODAH
   8111 CRISPIN STREET
   PHILADELPHIA PA 19136
2. MASAD HAMDALLAH
   11990 FERNDALE STREET
   PHILADELPHIA PA 19116
3. JOHN/JANE 1 - 2. DOE(S)
   0000 FIRST STREET
   PHILADELPHIA PA 19102
4. ABC COMPANY/CORPORATION(S) 1 - 2
   0000 FIRST STREET
   PHILADELPHIA PA 19102

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 08/29/2025
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a Judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

**THIS IS AN ARBITRATION MATTER**
**ASSESSMENT OF DAMAGES HEARING IS REQUIRED**
**JURY TRIAL IS NOT DEMANDED**    *Filed and Attested by the*
*Office of Judicial Records*
*10 Oct 2024 11:49 am*
*S. BREWINGTON*

KELLY & HERRON, P.C.
BY: KEVIN P. KELLY, ESQUIRE
ATTORNEY I.D. No: 28306
1500 Market Street, Suite W3110
Philadelphia, PA 19102
(215) 972-1500

Attorney for Plaintiff

---

| | |
|---|---|
| **JESSICA TORRES-DIAZ**<br>2114 N. Hancock Street<br>Philadelphia, PA  19120 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| vs. | TERM, 2024 |
| **HAMZA ODAH**<br>8111 Crispin Street<br>Philadelphia, PA 19136<br>And | NO. |
| **MASAD HAMDALLAH**<br>11990 Ferndale Street<br>Philadelphia, PA 19116<br>And | |
| **JOHN/JANE DOE(S) 1 – 2, used**<br> Herein to designate one or<br> More unknown parties to this<br> Incident<br>And | |
| **ABC COMPANY/CORPORATION(S)**<br>1 – 2, used herein<br>to designate one or<br>More unknown companies to<br>this incident | |

COMPLAINT IN CIVIL ACTION
2V  -  MOTOR VEHICLE ACCIDENT

{163577:1}

Case ID: 241001247

## COMPLAINT IN CIVIL ACTION
### 2V  -  MOTOR VEHICLE ACCIDENT

#### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

#### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandants y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT, SI NO TIENE ABAGADO O SINO TIENE ELDINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**PHILADELPHIA BAR ASSOCIATION**
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA  19107
(215) 238-1701

{163577:1}

Case ID: 241001247

## COMPLAINT IN CIVIL ACTION

1.    Plaintiff, Jessica Torres-Diaz, is an adult individual residing at the above captioned address.

2.    Defendant, Hamza Odah, is an adult individual residing at the above captioned address.

3.    Defendant, Masad Hamdallah, is an adult individual residing at the above captioned address.

4.    The defendant(s), John/Jane Doe(s) 1 – 2, are fictitious designations intended to represent individuals currently unknown to Plaintiff who may be responsible for Plaintiff's injuries and damages.

5.    The defendant(s), ABC Company/Corporation(s) 1 – 2 (hereinafter "ABC"), are fictitious designations intended to represent entities currently unknown to Plaintiff who may be responsible for Plaintiff's injuries and damages.

6.    On or about March 24, 2023, and at all times relevant herein, defendant, Hamza Odah, possessed, controlled and operated a vehicle believed to be a 2018 BMW 740, PA registration LTF-1424, which vehicle was owned by defendant, Masad Hamdallah, and involved in the accident hereinafter described.

7.    On or about March 24, 2023, and at all times relevant herein, defendant, Hamza Odahd,  possessed, controlled and operated the above described vehicle with the full knowledge, consent and authority of defendant, Masad Hamdallah, and at all times herein acted within the scope of his employment with defendant, Masad

{163577:1}

Hamdallah, and as an agent, servant, workmen and/or employee of defendant, Masad Hamdallah.

8.   On or about March 24, 2023, and at all times relevant herein, defendant, Hamza Odah, was operating the above-described vehicle westbound on Wyoming Avenue in the City of Philadelphia, PA, and when at or near its intersection with Shelbourne Street he so negligently and carelessly operated his vehicle as to suddenly and without warning strike the rear of the vehicle operated by plaintiff, Jessica Torres-Diaz, who was then and there westbound on Wyoming Avenue, slowing in a line of traffic, in a careful, cautious and lawful manner.

**COUNT ONE**
**JESSICA TORRES-DIAZ v. HAMZA ODAH,**
**MASAD HMADALLAH**
**And JOHN/JANE DOE**

9.   Plaintiff incorporates by reference paragraphs one through eight of this Complaint as though same were fully set forth at length.

10.   The automobile collision described in the preceding paragraphs of this Complaint was caused by the carelessness and negligence of the Defendants both generally and in the following particular respects:

    (a)   Failing to observe the opposing vehicle;

    (b)   Failing to maintain a proper lookout;

    (c)   Failing to maintain adequate control of the operation of said motor vehicle;

{163577:1}

(d)   Operating said motor vehicle at a speed which was excessive under the circumstances;

(e)   Failing to stop said motor vehicle within the assured clear distance ahead;

(f)   Operating said motor vehicle without due regard for the point and position of the opposing motor vehicle;

(g)   Failing to operate said motor vehicle with due care and regard for the health and safety of Plaintiff.

11. As a result of the Defendant's negligence and the accident caused thereby, Plaintiff sustained severe bodily injuries including, but not limited to, cervical sprain and strain with disc bulges at C2-3, S3-4 and disc herniations at C4-5, C5-6 and C6-7 with cervical radiculopathy at right C5-6; thoracic sprain and strain; lumbar sprain and strain with herniated disc at L5-S1 with annular tear and bilateral foraminal stenosis, herniated discs at L3-4 and L4-5; sprain and strain of the left shoulder; sprain and strain of the right shoulder with distal supraspinatus tendinosis, biceps tenosynovitis and sub coracoid bursitis; bilateral carpal tunnel syndrome; left elbow epicondylitis; left ulnar neuropathy; closed head trauma; posttraumatic cephalgia; multiple bruises, lacerations and abrasions, together with a severe shock to her nervous system, some or all of which may be permanent in nature and, as a result, the Plaintiff has suffered and continues to suffer pain and inconvenience as a result of these injuries.

12. As a further result of the foregoing, the Plaintiff has been obliged to receive and under medical attention and care and

{163577:1}

to incur various expenses for same and she may be obliged to continue to undergo such medical care and to incur such expenses for an indefinite time in the future.

13. As a further result of the foregoing, the Plaintiff has suffered, and will continue to suffer, a severe loss of her earnings and/or impairment of earning capacity or power, which loss and/or impairment has or may exceed the sum recoverable under the limitations in the Pennsylvania Financial Responsibility Law.

14. As a further result of the foregoing, the Plaintiff has suffered in the past, and will continue to suffer in the future, excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement and limitation and restriction of her usual duties, pursuits and pleasures.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually, jointly and severally, in an amount not in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT TWO
### JESSICA TORRES-DIAZ v. MASAD HAMDALLAH
### and ABC COMPANY/CORPORATION(S)
### NEGLIGENT ENTRUSTMENT

15. Plaintiff incorporates by reference paragraphs one through fourteen of this Complaint as though same were fully set forth at length.

16. The aforesaid collision, which caused plaintiff's injuries and losses was a direct and proximate result of the negligent and careless conduct of the defendants. Masad Hamdallah and/or ABC, which consisted of the following:

{163577:1}

Case ID: 241001247

a)  failing to exercise due care for the rights, safety and position of the plaintiff at the location aforesaid;

b)  failing to maintain the vehicle in proper working order;

c)  negligently and carelessly granting permission to the defendant driver for the use of the vehicle owned by the defendant owner, when the latter defendant knew or should have known that the former defendant was unlicensed and/or incapable or unwilling to properly and safely operate said vehicle.

17.  The defendant, Masad Hamdallah and/or ABC, is liable to the plaintiff for the damages suffered as more fully set forth hereinbefore by virtue of the failure to investigate the qualifications and capabilities of the defendant driver to operate the motor vehicle which the defendant driver was operating at the time of the incident.

18.  As a result of the Defendant's negligence and the accident caused thereby, Plaintiff sustained severe bodily injuries including, but not limited to, cervical sprain and strain with disc bulges at C2-3, S3-4 and disc herniations at C4-5, C5-6 and C6-7 with cervical radiculopathy at right C5-6; thoracic sprain and strain; lumbar sprain and strain with herniated disc at L5-S1 with annular tear and bilateral foraminal stenosis, herniated discs at L3-4 and L4-5; sprain and strain of the left shoulder; sprain and strain of the right shoulder with distal supraspinatus tendinosis, biceps tenosynovitis and sub coracoid bursitis; bilateral carpal tunnel syndrome; left elbow epicondylitis; left ulnar neuropathy; closed head trauma; posttraumatic cephalgia; multiple bruises, lacerations and abrasions, together with a severe shock to her nervous

system, some or all of which may be permanent in nature and, as a result, the Plaintiff has suffered and continues to suffer pain and inconvenience as a result of these injuries.

19.  As a further result of the foregoing, the Plaintiff has been obliged to receive and under medical attention and care and to incur various expenses for same and she may be obliged to continue to undergo such medical care and to incur such expenses for an indefinite time in the future.

20.  As a further result of the foregoing, the Plaintiff has suffered, and will continue to suffer, a severe loss of her earnings and/or impairment of earning capacity or power, which loss and/or impairment has or may exceed the sum recoverable under the limitations in the Pennsylvania Financial Responsibility Law.

21.  As a further result of the foregoing, the Plaintiff has suffered in the past, and will continue to suffer in the future, excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement and limitation and restriction of her usual duties, pursuits and pleasures.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually, jointly and severally, in an amount not in excess of Fifty Thousand ($50,000.00) Dollars.

**KELLY & HERRON, P.C.**

By:_____/s/_____
        KEVIN P, KELLY, ESQUIRE
        Attorney for Plaintiff

{163577:1}

Case ID: 241001247

{163577:1}

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 08/29/2025
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

*Filed and Attested by the*
*Office of Judicial Records*
*10 OCT 2024 11:49 am*
*S. BREWINGTON*

V E R I F I C A T I O N

JESSICA TORREZ-DIAZ, says that he/she is

PLAINTIFF                and verifies that the facts set forth

in the foregoing ___CIVIL ACTION COMPLAINT___ are

true and correct to the best of his/her knowledge, information

and belief; that this statement is made subject to the penalties

of 18 C.S. §4904 relating to unsworn falsification to

authorities.

X _Jessica Torrez_

DATED: __10 · 8 · 2024__

# EXHIBIT "3"

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL**

TORRES-DIAZ VS ODAH ETAL                      OCTOBER **TERM,** 2024

                                             **No.** 01247

**STANDING CASE MANAGEMENT GUIDELINES
COMPULSORY ARBITRATION PROGRAM**

**\*\*IMPORTANT\*\***
**PLEASE READ THESE GUIDELINES CAREFULLY.**
**Information about your case is given.**

**You are receiving this document because you were identified as a party in a filing of a civil action in the Compulsory Arbitration Program.**

**1. ARBITRATION HEARING**: This matter is listed for an Arbitration hearing on August 29, 2025 at 09:15 am. The hearing will be held at the Compulsory Arbitration Center located at 1880 JFK Blvd., 5th Floor, Philadelphia PA 19103.

**2. SERVICE**: The party who started this action must serve the Writ of Summons or Complaint and a copy of these Standing Case Management Guidelines pursuant to the Pennsylvania Rules of Civil Procedure pertaining to service of original process. See PA.R.C.P. Rule 400, et. seq.  Pursuant to Philadelphia Rule of Civil Procedure *205.4, upon completion of service, proof of service must be filed promptly utilizing the Civil Electronic Filing System at: https://fjdefile.phila.gov/ or the Civil Filing Center, Room 296, City Hall.

**Note: The Court will not hear the case and may dismiss the matter if proper service is not completed and if proof of service is not filed.  In addition, if a complaint is not timely filed, the Court can enter a non-suit on the motion of the defendant or a non-pros on the Court's own motion pursuant to Pennsylvania Rule of Civil Procedure 218.**

**3. DEFENDANT**: If you have been served with a Writ of Summons or Complaint pursuant to Paragraph 2 of these Guidelines, then you are the Defendant in this matter. You (or your attorney, if you are represented by an attorney) are required to file an Answer or other responsive pleading.  A Defendant risks having Judgment entered against them if they do not respond to a Complaint within 20 days of service. Failure to respond may result in loss of a Defendant's money or property

**4. ARBITRATION HEARING PROCEDURE**: The Arbitration hearing will be conducted by a Board of three (3) arbitrators. The arbitrators are lawyers who have been certified by the Court to serve as arbitrators to decide the case. Parties should be prepared to present/try their case before the panel, which includes Opening Statements, Direct and Cross Examination of witnesses, presentation of documentary evidence (in accordance

with Philadelphia County's 20-day Rule *1305(b)) and Closing Arguments. The arbitrators will rule on any objections raised during the hearing and render a decision at the conclusion of the hearing, entitled Report and Award of Arbitrators (the Award). Parties will receive notice of the Award by email or mail depending on whether an e-filing account has been set up. If there is not such an account, the Award will be mailed to the party's address the Court has on file.

**5. DISCOVERY**: All of the discovery tools allowed under the Pennsylvania Rules of Civil Procedure are also available for Arbitration cases. Discovery is the process that allows parties to request evidence or documents from the opposing party according to PA.R.C.P. 4000 through 4025. The parties can utilize interrogatories, requests for production of documents, requests for admissions and depositions, as appropriate, for any case.

The Court has approved standard Discovery for motor vehicle and premises liability cases that are in the Compulsory Arbitration Program. The applicable Discovery can be found in the forms section of the Courts' website under Arbitration at: https://www.courts.phila.gov/forms/.

Additional Discovery is permitted under limited circumstances. Please see the overview of the Compulsory Arbitration program for further detail, specifically pages 5 and 6: https://www.courts.phila.gov/pdf/manuals/civil-trial/compulsory-arbitration-center.pdf.

**6. FILINGS OF PETITIONS AND MOTIONS**: All petitions, motions, and responses must be prepared in compliance with Philadelphia Rules of Civil Procedure *206.1 and *208.3 and filed utilizing the First Judicial District's Electronic Filing System or the Civil Filing Center, Room 296 City Hall. Such filings are governed by the "45-day Rule" as set forth in Philadelphia Rule of Civil Procedure *1303(h) which requires the filing of petitions and motions not less than 45 days prior to the date of the scheduled Arbitration hearing. The Discovery motion procedure outlined in Philadelphia Rule of Civil Procedure *208.3(a) must be followed if there is a dispute over Discovery. See Notice to the Bar for more information regarding Discovery motion procedure posted at: https://www.courts.phila.gov/pdf/notices/2021/NTB-Trial-Division-Civil-Protocol-for-Discovery-Motions-Filed-on-or-After-March-15-2021.pdf.

The Miscellaneous Arbitration Application may be utilized to seek leave of Court to file a Petition/Motion within 45 days of the Arbitration hearing date. The requisite application can be found in the forms section of the Courts' website under Arbitration at: https://www.courts.phila.gov/forms/.

**7. APPEAL OF AN AWARD**: Either party can appeal the Award as of right and receive a new trial before a judge and/or jury. To take an appeal, a party must file a Notice of Appeal within 30 days of the date indicated on the docket that notice of the Award given. The Notice of Appeal form can be found in the forms section of the Courts' website under Appeal Filing Forms at: https://www.courts.phila.gov/forms/.

An appeal by one party applies to all parties. Within 10 days of the appeal being filed, either party can request and pay for a jury trial on appeal, if not previously requested. If a case is appealed, the parties will receive a Case Management Order outlining deadlines, the scheduling of a Pre-Trial Settlement Conference, and an anticipated month in which the case will be called to trial. If no Appeal is taken, the Award will become final and may be reduced to judgment upon the filing of a Praecipe to Enter Judgment on the Award.

**8. CONTINUANCES:** Applications for continuances of an Arbitration hearing are governed by Philadelphia Rule of Civil Procedure *1303(c) and shall be reviewed by the Director of the Arbitration Center or the Director's designee. Arbitration continuance applications must be filed utilizing the First Judicial District's Electronic Filing System or the Civil Filing Center, Room 296 City Hall. The Continuance/Deferral Application can be found in the forms section of the Courts' website under Arbitration at: https://www.courts.phila.gov/forms/.

**Note: There is no hearing or oral argument regarding the continuance request and the granting or denial of an application is not subject to judicial scrutiny or review.**

**9. SETTLEMENTS:** The parties shall provide notification to the Arbitration Center of any settlement prior to the Arbitration Hearing date. Settlement letters are to be electronically filed through the Court's Electronic Filing System at: https://fjdefile.phila.gov/. To file, parties should access the "Existing Case" section of the Electronic Filing System. Select "Conference Submissions" as the filing category.  Select "Settlement Letter" as the document type and upload your letter. Once received by the Court, you will be notified of the acceptance of your e-filing. If you do not have access to the Electronic Filing System, settlement letters can be faxed to 215-686-9594 or call the Arbitration Center a

A detailed overview of the First Judicial District's Compulsory Arbitration Program can be found at: https://www.courts.phila.gov/pdf/manuals/civil-trial/compulsory-arbitration-center.pdf

BY THE COURT:

DANIEL J. ANDERS
ADMINISTRATIVE JUDGE
TRIAL DIVISION